No. 22250.

GEORGE M. MARTINEZ *v*. THE PEOPLE OF THE STATE OF COLORADO.
(422 P.2d 44)

Decided September 26, 1966.

Ernest U. Sandoval, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, John P. Moore, Assistant for defendant in error.

*En Banc.*

Mr. Chief Justice Sutton delivered the opinion of the Court.

Plaintiff in error, defendant in the trial court, George Martinez, was charged, tried and convicted of the crime of statutory rape under C.R.S. 1963, 40-2-25 and 40-2-27. He had previously pleaded not guilty to the charge. The purported victim was defendant's sister-in-law, a 15 year old girl, whom Martinez was driving home. The alleged rape took place during a walk later that same evening and after the defendant had severely

beaten the girl and during part of which time she had fainted or was unconscious.

Following trial to a jury Martinez' counsel moved for a "judgment of acquittal." The motion was denied. The jury thereafter was instructed on rape, assault to commit rape and simple assault, to all of which the defendant objected.

The grounds for defendant's motion were that the victim herself had never said or testified that any act of intercourse had occurred, even though the evidence was that her clothes had been torn from her body and that the defendant was on top of her at one time. In fact, that after the incident she told a Mrs. Calza that "I got beat up with some guy." And, the doctor who examined her at the time did so for abrasions on her face, neck and shoulders. He, however, testified that he had not examined her to determine whether she had been raped or had had sexual intercourse.

Following his conviction, defendant sued out a writ of error again asserting that no grounds existed to warrant a conviction of rape.

■■ The Attorney General, for the People, has confessed error because the record fails to disclose one of the essential ingredients of the crime charged, to-wit, any penetration or act of sexual intercourse. See *McGee v. People*, 160 Colo. 46, 413 P.2d 901 (1966); C.R.S. 1963, 40-2-25 (1)(a); 75 C.J.S., *Rape* § 71; 44 Am. Jur., *Rape* § 3. The People also agree with defendant that "* * * the burden of proof rests upon the prosecution throughout the trial to prove beyond a reasonable doubt the existence of all essential elements necessary to constitute the offense charged." *Leonard v. People*, 149 Colo. 360, 369 P.2d 54 (1962). And, that under such circumstances, the accused must be acquitted. We agree with counsel on both sides that the conviction must be reversed for the reasons given, the People having failed to sustain their burden of proof. *Bachman v. People*, 8 Colo. 472, 484, 9 Pac. 42 (1885).

It should be pointed out, however, that the trial court in denying the defendant's motion, took the position that, under the facts presented, an *inference* could be drawn by the jury that a rape had been committed. Though it is true that the law does not require the female's statement of actual penetration, nevertheless, some evidence, other than an inference, is essential to prove the act. Generally it is held that uncorroborated evidence by the prosecution must be "clear and convincing" or that it should be "scrutinized carefully." 75 C.J.S., *Rape*, § 78. In the instant case there is, of course, no statement by the victim to be corroborated as well as no other direct evidence of any rape. The facts here show an assault and battery, and enough evidence to sustain a conviction for assault to commit rape, if such had been the verdict; but not rape itself.

In *Stull v. People*, 140 Colo. 278, 281, 344 P.2d 455 (1959), we held that a material element of a crime (there the requisite intent to receive embezzled money) could not be proved by what amounted to an inference. Thus, while inferences are permissible in the proof of a crime, the law requires, in the making of the inference, that "in the experience of mankind the existence of the one fact (that which is inferred) ordinarily and logically follows from the existence of the other (*i.e.*, that which has been proved)." (Part in parenthesis added.) 1 *Wharton's Criminal Evidence* (12th Ed.) § 87. So here, even though it was shown that an assault and battery took place, and it may be inferred that Martinez intended to rape his victim due to his question to her, besides tearing her clothes and being on top of her, nevertheless, it cannot be inferred in law that because of his intent or that her clothes were torn, that an act of sexual intercourse took place or that there was any penetration. The latter is mere conjecture, surmise or suspicion under the facts presented and does not rise to the dignity of legal proof. See *Stull, supra.* It follows that the trial court erred in instructing the jury on stat-

utcry rape and that it was error for the jury to convict the defendant of that crime.

The judgment is reversed and remanded for such further proceedings as may be consistent with the views expressed herein.

MR. JUSTICE FRANTZ not participating.