UNITED STATES of America, Appellee,

v.

Adam Verdell RED CLOUD, Appellant.

No. 85–5406.

United States Court of Appeals, Eighth Circuit.

Argued April 17, 1986.

Decided May 20, 1986.

Glen H. Johnson, Rapid City, S.D., for appellant.

Ted L. McBride, Rapid City, S.D., for appellee.

Before LAY, Chief Judge, McMILLIAN, Circuit Judge, and ROSENN,* Senior Circuit Judge.

ROSENN, Circuit Judge.

A jury in the United States District Court[1] for the District of South Dakota convicted Adam Verdell Red Cloud of carnal knowledge of a female under the age of 16 in violation of 18 U.S.C. §§ 1153 and 2032 (1982). On appeal Red Cloud challenges the sufficiency of the evidence to support the verdict. We affirm the judgment of the district court.

## I.

On February 9, 1985, the defendant attended a party at a private residence on the Pine Ridge Indian Reservation. At about 3:00 A.M., his hostess called the tribal police, who dispatched officers William Brewer and George Twiss to her home. The two officers later testified that upon their arrival the hostess told them that she didn't "want things like that happening in her house," led them to a closed bedroom door, and asked them to remove two persons from the bedroom. Officer Twiss opened the door and shined a flashlight into the darkened room. The officers testified that they saw the 44-year-old defendant lying on top of Rhonda Center, a 14-year-old girl. The defendant wore only undershorts, pulled below his knees, and an undershirt. Rhonda appeared to be naked. Her legs were on either side of the defendant's waist and his motions indicated that they were engaging in sexual intercourse.

Red Cloud shouted profanities at the officers and demanded that they extinguish the light and leave. Sergeant Brewer told Red Cloud that they were police officers responding to a complaint. The defendant asked the officers to allow him and his companion an opportunity to dress, and the officers left the bedroom. In a few minutes, the defendant and Rhonda stepped out of the bedroom fully dressed.

The indictment charged the defendant with violating 18 U.S.C. §§ 1153 and 2032. Section 2032 forbids anyone to "carnally know[ ] any female, not his wife, who has not attained the age of sixteen years." Section 1153 provides, *inter alia,* that section 2032 shall have effect in "Indian country."

At trial, witnesses for the prosecution, including the two arresting officers, Rhonda, and her grandmother, provided no direct evidence of penetration of the victim's genitalia. The two officers, however, described what they had seen in the bedroom. When the Government called Rhonda to testify, she did not respond to any questions. The defendant later called her as his witness and she testified that she had in-

* Max Rosenn, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

1. The Honorable Donald J. Porter, Chief Judge, United States District Court for the District of South Dakota.

formed her mother, her grandmother, and a court appointed investigator, that she never had intercourse with Red Cloud. On cross-examination, however, Rhonda admitted that she had told the prosecutor that very morning that she did have intercourse with Red Cloud. When the prosecutor asked her at trial which statement was correct, she did not respond.

The defendant, testifying in his own defense, denied having sexual relations with Rhonda. He stated that he had climbed into bed alone and passed out from excessive drinking, unaware that Rhonda shared his bed. The jury did not find the defendant credible and returned a verdict of guilty.

## II.

An appellate court reviewing a conviction for the sufficiency of the evidence

> is required to view the evidence in the light most favorable to the verdict, giving the prosecution the benefit of all inferences reasonably to be drawn in its favor from the evidence. The verdict may be based in whole or in part on circumstantial evidence. The evidence need not exclude every reasonable hypothesis except that of guilt; it is sufficient if there is substantial evidence justifying an inference of guilt as found irrespective of any countervailing testimony that may have been introduced.

*United States v. Lincoln,* 630 F.2d 1313, 1316–1317 (8th Cir.1980).

■ The defendant asserts that the prosecution failed to prove that penetration, an essential element of the offense, occurred. Penetration is the slightest insertion of the male sexual organ into the external female sexual organ. *See, e.g., Hice v. State,* 268 Ark. 57, 593 S.W.2d 169, 170–71 (1980). In support of his argument, Red Cloud notes the absence of any direct evidence of penetration in the form of medical proof or testimony of the alleged victim. Moreover, he argues, the indirect evidence provided by the officers' testimony did not logically support an inference of penetration and is insufficient to sustain the verdict. This court must determine whether on the record here the jury could reasonably have drawn the indispensible inference of penetration.

■ We begin by noting that although the defendant contradicted the officers' testimony concerning the defendant's physical position and actions when they first arrived, the jury unquestionably acted within its province in believing the officers rather than Red Cloud. Red Cloud does not challenge this credibility determination.

■ We must then determine whether the discovery of these two persons in the circumstances detailed by the officers can logically support an inference of penetration. Penetration "can be proved by circumstantial evidence, and when there is some proof, it is a question of fact whether it occurred." *In the Interest of Isaac Williams, Jr.,* 24 Ill.App.3d 593, 321 N.E.2d 281, 284 (1974); *see also State v. Craig,* 219 Neb. 70, 361 N.W.2d 206, 214 (1985); *Whitmore v. State,* 263 Ark. 419, 565 S.W.2d 133, 136 (1978). The defendant, in support of his position that the evidence cannot support such an inference, cites several cases that emphasize that an inference is permissible only if it is logical and not mere conjecture. *See, e.g., Martinez v. People,* 160 Colo. 534, 422 P.2d 44, 45 (1966) (an inference is permissible if the inferred fact follows "ordinarily and logically"). Red Cloud fails, however, to argue persuasively that the facts of this case do not directly support an inference of penetration. In fact, Red Cloud's and Rhonda's position on the bed when the officers entered the bedroom, along with Red Cloud's movements, plainly evinced an act of sexual intercourse. The prosecution need not exclude every reasonable hypothesis except that of guilt. *United States v. Nabors,* 762 F.2d 642, 653 (8th Cir.1985); *Lincoln,* 630 F.2d at 1317. It may be conceivable that legal penetration had not occurred, but the realities of human nature make such possibility exceedingly remote.

## III.

We accordingly conclude that the Government introduced sufficient evidence at trial to justify the inference beyond a reasonable doubt that penetration had occurred and to support the defendant's conviction.[2] We affirm the judgment of the district court.

2. The defendant raised other objections on appeal. After reviewing the applicable portions of the record and the defendant's legal arguments, we reject these objections as wholly without merit and dismiss them without further discussion.