# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3015

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa |
| | * | |
| Shawn Lee Drinnon, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: October 25, 2004
Filed: July 20, 2005

_____

Before BYE, MELLOY and COLLOTON, Circuit Judges

_____

PER CURIAM.

A jury convicted the defendant of conspiring to distribute 50 grams or more of a mixture containing methamphetamine. On appeal, the defendant argues that the court made a number of errors in the computation of his Sentencing Guidelines range. Also, he raises a <u>Booker</u>[1] claim.

The district court addressed a number of issues at the sentencing hearing. These included a claim that the district court must apply the standard of proof of

---

[1]<u>United States v. Booker</u>, 125 S.Ct 738 (2005).

beyond a reasonable doubt in making sentencing determinations. The defendant also claimed that the Guidelines range should be limited by the jury's findings. We now know, in light of Blakely[2] and Booker, that: the district court has an obligation to determine a Sentencing Guidelines range using a preponderance of the evidence standard; the resultant Guidelines range is merely advisory; and it serves as one of the factors for consideration under 18 U.S.C. § 3553. Booker, 125 S.Ct at 764. Neither Blakely nor Booker changed the method of determining a Guidelines range. See United States v. Pirani, 406 F.3d 543, 552 n.4 (8th Cir. 2005) ("Nothing in Booker suggests that sentencing judges are required to find sentence-enhancing facts beyond a reasonable doubt under the advisory Guidelines regime."). Consequently, the district court did not commit error when it used a preponderance of the evidence standard and refused to be limited by the jury's finding as to drug quantity in calculating the Guidelines range. As to the defendant's specific challenges to the court's Guidelines determination, we find them to be without merit and summarily affirm. See 8th Cir. R. 47B.

Although the district court did not err in its determination of the applicable Sentencing Guidelines range, it was error to apply the Guidelines as mandatory, and there was a Sixth Amendment violation in this case. The defendant objected at sentencing, argued that the court should be bound by the jury determination, argued that the court should apply a standard beyond a reasonable doubt, and specifically cited Apprendi v. New Jersey, 530 U.S. 466 (2000). Under Pirani, 406 F.3d at 549-50, this is sufficient to preserve "Booker error." Because the defendant preserved this error, and the government has not demonstrated the error to be harmless, we are required under Booker to vacate the sentence and remand for resentencing using the Booker remedial scheme.

_____

[2]Blakely v. Washington, 124 S.Ct. 2531 (2004).

In conclusion, we reject the defendant's claim that the Sentencing Guidelines range determination was in any way erroneous, but we vacate the sentence and remand for resentencing using the <u>Booker</u> remedial scheme.

_____