# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2758

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Garrett Lee Jones, also known as | * | [PUBLISHED] |
| Arnold Jones, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 13, 2006
Filed: March 6, 2006

_____

Before RILEY, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Garrett Lee Jones was convicted of four counts of aggravated sexual abuse. After determining the guidelines range, the district court[1] sentenced him to the guidelines' minimum of 360 months in prison. Jones appeals, claiming insufficient evidence, impermissible double counting, and violation of the Ex Post Facto Clause of the United States Constitution. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

I.

On the evening of November 30, 2001, Garrett Lee Jones, a 21-year-old, hosted a party at his home on the Red Lake Indian Reservation. Attending were J.E.F., a 16-year-old female, and A.R.C., a 12-year-old female. Alcohol was served.

By early morning, Jones was angry due to an earlier fight, so A.R.C. and J.E.F., along with two other people, went to the basement to hide from him. While J.E.F. sat on a bed, A.R.C. and the others hid under the stairs. Jones came to the basement and pushed J.E.F. onto the bed. He punched her in the face, then pulled off both their pants. He positioned himself between her legs and made a "humping" motion. J.E.F. screamed for help. A.R.C., who witnessed the attack from her hiding place, ran and called the police.

Jones was convicted of aggravated sexual abuse for his attack on J.E.F. He was also convicted of aggravated sexual abuse for an incident on June 18, 2002, involving his 12-year-old cousin. The court calculated the guidelines range as 360 months to life, and sentenced him to the guidelines' minimum.

II.

First, Jones asserts that there was insufficient evidence to convict him for aggravated sexual abuse of J.E.F. Specifically, he argues there is no evidence of "penetration," an element of the crime. *See* 18 U.S.C. § 2246(2)(A). This court reviews the sufficiency of the evidence de novo, most favorably to the government, making all reasonable inferences and credibility determinations in support of the jury's verdict. *United States v. Dieken*, 432 F.3d 906, 909–10 (8th Cir. 2006).

In this case, there is substantial and sufficient evidence of penetration and sexual abuse. "Penetration 'can be proved by circumstantial evidence, and when there

is some proof, it is a question of fact whether it occurred.'" *United States v. Red Cloud*, 791 F.2d 115, 117 (8th Cir. 1986). Here, A.R.C.'s testimony provides some proof that penetration occurred. She described Jones's attack: how he punched J.E.F., removed both their pants, laid on top of her, and made "humping" motions. After the police arrested Jones, A.R.C. returned downstairs to help J.E.F., finding her "sleeping or laid out" on the bed wearing only her shirt, socks and bra. This testimony directly supports an inference of penetration. *See id.* (stating circumstantial evidence "plainly evinced an act of sexual intercourse"). A reasonable jury could conclude that penetration occurred.

Next, Jones objects to the sentencing enhancements for age-of-the-victim, as well as repeat-sex-offender, calling this impermissible double counting. This court reviews a district court's application of the sentencing guidelines de novo. *See United States v. Mashek*, 406 F.3d 1012, 1016 (8th Cir. 2005).

"'Double counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been . . . accounted for by application of another part of the Guidelines.'" *United States v. Joiner*, 418 F.3d 863, 870 (8th Cir. 2005) (quoting *United States v. Fortney*, 357 F.3d 818, 821–22 (8th Cir. 2004)). Here, Jones received enhancements based on § 2A3.1(b)(2)(B) and § 4B1.5(b)(1) of the sentencing guidelines. Section 4B1.5(b)(1) states:

> In any case in which the defendant's instant offense of conviction is a covered sex crime, neither § 4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct:
> > (1) The offense level shall be **5** plus the offense level determined under Chapters Two and Three.

Thus, the guidelines state that the enhancement for repeat sex offenders is applied in addition to the enhancements found in Chapters Two and Three, in this case § 2A3.1(b)(2)(B), which applies to sexual abuse against victims between the ages of 12 and 16. These enhancements account for different kinds of harms, so there is no impermissible double counting in this case.

Third, Jones claims that the application of advisory sentencing guidelines to crimes that occurred before *United States v. Booker*, 543 U.S. 220 (2005), violates the Ex Post Facto Clause of the United States Constitution. However, this court has held that the advisory guidelines do not implicate either ex post facto or due process principles. *See United States v. Kelly*, No. 05-1527, 2006 WL 318673, at *2 (8th Cir. Feb. 13, 2006); *United States v. Wade*, 435 F.3d 829, 832 (8th Cir. 2006).

Finally, Jones raises pro se that he was deprived of his equal protection and Sixth Amendment rights because the United States government removed him from the Reservation without first notifying the tribal government so that extradition could take place. Under the Major Crimes Act (MCA), any Indian who commits one of the enumerated offenses "shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States." 18 U.S.C. § 1153(a); *see also id*. § 1162(a); *United States v. Norquay*, 905 F.2d 1157, 1159 n.3 (8th Cir. 1990). Jones (an Indian) committed aggravated sexual abuse (an enumerated offense) against the person of another Indian or other person within Indian country. Because his crimes fall within the MCA, the United States has exclusive jurisdiction.

III.

The judgment of the district court is affirmed.

_____

-4-