# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3840

_____

United States of America,             *
                                    *

        Plaintiff - Appellee,    *
                                    *   Appeal from the United States

    v.                       *   District Court for the Northern
                                    *   District of Iowa.

Shawn Lee Drinnon,        *
                                    *      [UNPUBLISHED]

        Defendant - Appellant.   *

_____

Submitted: June 12, 2006
Filed: June 16, 2006

_____

Before MURPHY, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Shawn Lee Drinnon was convicted of conspiracy to distribute less than 50 grams of methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. The district court[1] found that Drinnon was personally involved with at least 255.15 grams and sentenced him under a mandatory guidelines regime to 109 months. Drinnon appealed, and we remanded the case for resentencing

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

in accordance with <u>Booker v. United States</u>, 543 U.S. 220 (2005), based on the violation of the Sixth Amendment at sentencing. <u>See</u> <u>United States v. Drinnon</u>, 139 Fed. Appx. 761 (2005) (Drinnon I). On remand the district court resentenced Drinnon to 109 months, and he appeals, challenging the district court's independent determination of the drug quantity involved and alleging that the retroactive application of <u>Booker</u> to his case violates the ex post facto clause.

Drinnon argues that the district court violated the Fifth and Sixth Amendments by substituting its finding of drug quantity for that of the jury verdict and that his sentence is unreasonable. We upheld the court's quantity determination in Drinnon's first appeal, <u>see</u> <u>Drinnon I</u> at 762, and we affirm that determination as the law of the case since sentencing facts do not need to be found by a jury. <u>See</u> <u>United States v. Haack</u>, 403 F.3d 997, 1003 (8th Cir. 2005). Drinnon's sentence falls within the guideline range and is therefore presumptively reasonable. <u>See</u> <u>United States v. Lincoln</u>, 413 F.3d 716, 717 (8th Cir. 2005). Under all the circumstances we conclude that his sentence was not unreasonable.

Drinnon further asserts that sentencing under an advisory guideline scheme in his case violated the ex post facto clause because he had a valid expectation that he would be sentenced under a mandatory regime. Being sentenced under the advisory guidelines does not "implicate either ex post facto or due process principles", however. <u>See</u> <u>United States v. Jones</u>, 440 F.3d 927, 929 (8th Cir. 2006).

Accordingly, we affirm the amended judgment of the district court.

_____