# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1501

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| William Michael Fortney, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: October 22, 2003

Filed: February 6, 2004

_____

Before LOKEN, Chief Judge, HEANEY and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

LOKEN, Chief Judge.

After William Michael Fortney pleaded guilty to conspiring to manufacture methamphetamine and endangering human life in its manufacture, see 21 U.S.C. §§ 841(b)(1)(A), 846, and 858, he was sentenced to 232 months in prison. Fortney appeals his sentence, challenging the district court's[1] application of the Sentencing Guidelines relating to methamphetamine manufacture and endangering. We affirm.

_____

[1]The HONORABLE JAMES E. GRITZNER, United States District Judge for the Southern District of Iowa.

The relevant Guidelines[2] provided that Fortney's conspiracy and endangering counts must be grouped for sentencing purposes. See U.S.S.G. § 3D1.2. The offense level for the group is the offense level for the "most serious" count in the group, that is, the count with "the highest offense level." § 3D1.3(a). Fortney's conspiracy count involved a stipulated quantity of at least 50 but less than 150 grams of actual methamphetamine, which produced a base offense level of thirty-two. See U.S.S.G. §§ 2D1.1(a)(3), (c)(4). The district court adjusted the base level upward by two levels because a dangerous weapon was used. See § 2D1.1(b)(1). Applying guidelines Amendment 608, the court added another three levels because the offense involved the manufacture of methamphetamine and created a substantial risk of harm to human life. See U.S.S.G. app. C, amend. 608 (adding § 2D1.1(b)(6)(A)). This resulted in a total offense level of thirty-seven.

Fortney's endangering offense violated 21 U.S.C. § 858, which prohibits "creat[ing] a substantial risk of harm to human life" "while manufacturing a controlled substance in violation of this subchapter." Guidelines § 2D1.10 governs this offense and provides a base offense level of "3 plus the offense level from the Drug Quantity Table in § 2D1.1." U.S.S.G. § 2D1.10(a)(1). For Fortney's offense, that produced a base offense level of thirty-five. Again applying Amendment 608, the district court adjusted the base level upward by three levels because the offense involved the manufacture of methamphetamine, § 2D1.10(b)(1)(A), resulting in a total offense level of thirty-eight. Thus, for purposes of § 3D1.3, the endangering count became the most serious count in the group.

Starting with a group offense level of thirty-eight, the district court granted Fortney a three-level reduction for acceptance of responsibility and determined that

[2]Because his offenses occurred in 2001, Fortney's sentence was determined under the Guidelines in effect on November 1, 2000, and Amendment 608, which added § 2D1.1(b)(6) and § 2D1.10(b)(1) effective December 16, 2000.

his guidelines sentencing range is 292 to 365 months. The court then granted the government's motion for a downward departure for Fortney's substantial assistance, departed downward by 60 months from the bottom of his guidelines range, and imposed concurrent sentences of 232 months on the conspiracy count and 120 months (the statutory maximum) on the endangering count. On appeal, Fortney argues that his total offense level should be thirty-four, the adjusted offense level for the conspiracy count, which would reduce his guidelines range to 262 to 327 months.[3]

The statutory maximum penalty for Fortney's endangering offense (120 months) is lower than the statutory maximum for his conspiracy offense (life in prison) and the sentence he in fact received (232 months). In United States v. Kroeger, we applied § 2D1.10 to a similar group of offenses prior to Amendment 608 and held that the endangering count "set the offense level for the group" because § 3D1.3(a) expressly provides that the most serious offense is the one with the highest guidelines offense level, not the one with the highest statutory maximum penalty. 229 F.3d 700, 703 (8th Cir. 2000); accord United States v. Evans, 318 F.3d 1011, 1020 (10th Cir.), cert. denied, 123 S. Ct. 2291 (2003). Congress then enacted the Methamphetamine Anti-Proliferation Act of 2000, which provided that the Sentencing Commission "shall . . . increase the base offense level . . . by not less than 3 offense levels above the applicable level in effect on the date of the enactment of this Act" for any methamphetamine manufacturing offense that "created a substantial risk of harm to human life." Pub. L. No. 106-310, § 3612(a)(2), 114 Stat. 1227, 1229 (2000). The Commission adopted Amendment 608 in response to this statute, adding three-level increases in both § 2D1.1(b)(6)(A) and § 2D1.10(b)(1)(A).

---

[3]We have some doubt whether we may even entertain this appeal because the bottom of the guidelines range urged by Fortney, 262 months, is well above the 232-month sentence imposed by the district court after granting a substantial downward departure. See 18 U.S.C. § 3742(f), as construed in Williams v. United States, 503 U.S. 193, 202-03 (1992). But this issue is not jurisdictional, and as the government has not raised it, we decline to consider it.

On appeal, Fortney acknowledges, as he must, that <u>Kroeger</u> forecloses the contention that his endangering count is not the most serious for purposes of the grouping rules because of its lower statutory maximum. Instead, he argues that Amendment 608 violated his right to substantive due process because it is "fundamentally irrational, arbitrary and capricious" to increase the endangering offense level by three levels in § 2D1.10(b)(1)(A).[4] The increase is arbitrary, Fortney explains, because "[n]othing in the enabling legislation" authorized the Commission "to create a 'super' methamphetamine manufacturing offense [in § 2D1.10] whose guideline range would naturally or likely exceed the guideline range for the more 'serious' manufacturing or conspiracy" offenses.

This contention is totally without merit. Congress directed the Commission to increase by at least three levels the offense level then applicable "to any offense relating to the manufacture [of] methamphetamine." Methamphetamine Anti-Proliferation Act of 2000 § 3612(a)(1). The Commission obeyed this mandate by adding three-level increases to both § 2D1.1 and § 2D1.10. U.S.S.G. app. C, amend. 608. Assuming without deciding that Sentencing Guidelines amendments are subject to substantive due process challenge -- a serious issue Fortney does not even

---

[4]Legislation is subject to highly deferential substantive due process review. The test for this controversial inquiry is typically to determine whether a statute reflects "the exercise of power without any reasonable justification in the service of a legitimate governmental objective." <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 846 (1998). On the other hand, the conduct of executive officials must, at a minimum, "shock the conscience of federal judges" to violate substantive due process. <u>Collins v. City of Harker Heights</u>, 503 U.S. 115, 126 (1992). Whether actions of the Sentencing Commission are subject to review under either of these standards (or both) is a complex question that neither party addressed.

acknowledge -- an amendment that accurately implements a directive of Congress does not implicate substantive due process concerns.[5]

Fortney next argues that the district court erred in using the entire drug quantity from § 2D1.1 to calculate his endangering offense level under § 2D1.10 because, although he stipulated to creating a substantial risk to human life on one day, the government failed to prove that he created a substantial risk to human life on the other occasions whose production or attempted production must be included to reach the § 2D1.1 drug quantity of at least fifty grams of actual methamphetamine. We reject this argument because it is flatly contrary to § 2D1.10(a)(1), which provides that the base offense level under § 2D1.10 is based on "the offense level from the Drug Quantity Table in § 2D1.1." Here, all the drug quantity attributed to Fortney under § 2D1.1 was manufactured methamphetamine. Therefore, we need not consider how this provision in § 2D1.10(a)(1) should be construed in a multi-count drug case in which manufactured methamphetamine constituted only a portion of the total drug quantity calculated under § 2D1.1.

Finally, Fortney argues that the three-level increase in § 2D1.10(b)(1)(A) results in impermissible double counting because the same three-level increase was already imposed in determining the total offense level on the conspiracy count under § 2D1.1. We disagree. "Double counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been . . . accounted for by application of another part of the Guidelines."

---

[5]Fortney does not challenge the Methamphetamine Anti-Proliferation Act of 2000 on substantive due process grounds, and properly so. Congress found that methamphetamine manufacturing "poses serious dangers to both human life and to the environment," and that the manufacturing process is "unstable, volatile, and highly combustible." H.R. REP. NO. 106-878(I), at 22 (2000). Thus, the Act's mandate to the Commission to adopt Amendment 608 clearly bore a reasonable relation to a legitimate governmental purpose.

United States v. Rohwedder, 243 F.3d 423, 426-27 (8th Cir. 2001) (quotation omitted). Under the grouping rules, only the offense level for the most serious offense in the group is used as the group offense level. U.S.S.G. § 3D1.3(a). Fortney's conduct in creating a risk of harm by manufacturing methamphetamine is an offense characteristic that increased the *total* offense level for his conspiracy count under § 2D1.1. See § 2D1.1(b)(6)(A). But only the *base* offense level from the Drug Quantity Table in § 2D1.1 was incorporated by reference into the base offense level for his endangering count in § 2D1.10(a)(1). Thus, no double counting occurred by the manner in which the endangering base offense level was determined. As for the three-level increase imposed under § 2D1.10(b)(1)(A), Congress directed the Commission to adopt a separate increase for endangering that is caused by the manufacture of methamphetamine, and the Commission implemented this mandate in Amendment 608. It is not double counting when the Guidelines impose cumulative enhancements that reflect "conceptually separate notions relating to sentencing," as § 2D1.10(a)(1) and § 2D1.10(b)(1)(A) do. See Rohwedder, 243 F.3d at 427.

The judgment of the district court is affirmed.

_____