# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3166

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Abdel Mageed Fadl, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 10, 2007
Filed: August 21, 2007

_____

Before WOLLMAN, COLLOTON, and SHEPHERD, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Abdel Mageed Fadl pled guilty to one count of production of child pornography, a violation of 18 U.S.C. § 2251(a). Prior to sentencing, Fadl filed two motions to withdraw his guilty plea, both of which were denied by the district court.[1] The district court sentenced Fadl to 360 months' imprisonment. Fadl appeals from the

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa, adopting the reports and recommendations of the Honorable John A. Jarvey, then United States Magistrate Judge for the Northern District of Iowa, now United States District Judge for the Southern District of Iowa.

denial of his motions to withdraw his guilty plea as well as from his sentence. We affirm.

## I.

According to Fadl's plea agreement, from 2003 to 2005 Fadl took digital photographs of at least seven minor males engaged in explicit sexual conduct. On some occasions, Fadl paid minors money or provided them with gifts in return for this conduct. Fadl actively participated in some of this sexual conduct. To take these pictures, Fadl used either a digital camera or a web camera, both of which had traveled in interstate commerce.

Fadl signed a plea agreement that reflected certain revisions made by Fadl and his attorney. Following a guilty plea hearing and a colloquy with the district court, Fadl pled guilty to one count of producing child pornography. After the presentence investigation report had been filed, Fadl filed motions to withdraw his guilty plea. In his first motion, Fadl alleged that his conduct was not punishable under § 2251(a). After he filed this motion, he filed a motion to substitute counsel, which was granted. In his second motion to withdraw his guilty plea, which incorporated by reference the allegations set forth in Fadl's motion to substitute counsel, Fadl asserted, *inter alia*, that his first attorney had pressured him to plead guilty and had lied to him about his likely sentence. Both of Fadl's motions to withdraw his guilty plea were denied.

At sentencing, the district court calculated a Guidelines sentence of life imprisonment.[2] Because the statutory maximum for Fadl's offense is thirty years' imprisonment, 18 U.S.C. § 2251(e), the Guidelines range also became 360 months, which, as set forth above, is the sentence imposed by the district court.

---

[2]The 2004 version of the Guidelines was applied in calculating the applicable Guidelines range.

## II.

Fadl contends that his guilty plea was involuntarily made, that punishing him under § 2251(a) would be unconstitutional, and that his conduct did not fall within the proper scope of § 2251(a). He also argues that his sentence is unlawful because he was punished by two different guidelines for the same harm, and he contends that his sentence is unreasonable.

### A.    The Voluntariness of Fadl's Guilty Plea

Fadl argues that his guilty plea was not knowingly or voluntarily made because he had been pressured to plead guilty by his attorney and because he had received incomplete and misleading advice from counsel. Specifically, he contends that he had been misinformed about his likely sentence, that he had been discouraged from asking questions during the plea colloquy, and that he had been rushed into signing the plea agreement.

The denial of a defendant's motion to withdraw his guilty plea that hinges upon the voluntariness of the defendant's plea presents mixed questions of law and fact, which we review *de novo*. United States v. Gamble, 327 F.3d 662, 663 (8th Cir. 2003) (citation omitted). The magistrate judge's report and recommendation, whose findings were adopted by the district court judge, noted that Fadl had been apprised of the statutory maximum and minimum punishment for his offense, had been told that it was up to the court to decide his sentence, and was informed that this sentence might differ from the one predicted by Fadl's attorney. The report further noted that Fadl had acknowledged that he had not been intimidated by either the court or by the prosecutor at the time he signed his plea agreement and pled guilty, that Fadl had acknowledged that he took pornographic photographs of minors, that Fadl had stated that no one had attempted to force, coerce, or threaten him into pleading guilty. The report also observed that Fadl had been encouraged to ask questions and that Fadl and

-3-

his attorney had revised the plea agreement originally offered by the government to include new departure possibilities and corrections to some of the factual stipulations. In sum, Fadl's allegations concerning the voluntariness of his guilty plea were inconsistent with his testimony during the plea hearing, and thus the district court did not err in denying his motion to withdraw his plea.

B.      The Constitutionality of § 2251(a)

Fadl contends that § 2251(a) was unconstitutionally applied in his case because he never transmitted any images of child pornography across state lines and there was no evidence that he had intended to do so. He argues that punishing him for this strictly intrastate conduct violates the proper bounds of the Commerce Clause. His argument is unavailing. Fadl acknowledges that he used cameras that had crossed state lines to take the photographs. Our court has on a number of occasions held that the use of a camera that has moved in interstate commerce provides a sufficient jurisdictional nexus to punish the production of child pornography under the Commerce Clause. See, e.g., United States v. Mugan, 441 F.3d 622 (8th Cir. 2006), *cert. denied*, 127 S. Ct. 191 (2006).

C..      Interpreting § 2251(a)

Fadl contends next that he should have been allowed to withdraw his guilty plea because it was premised upon the parties' and the district court's mistaken interpretation of 18 U.S.C. § 2251(a). We disagree.

Section 2251(a) reads

Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in interstate or foreign commerce, or in any Territory or Possession of the United States, with

-4-

the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, if that visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported in interstate or foreign commerce or mailed.

Fadl alleges a number of errors pertaining to the way in which the parties construed the statute and argues that the statute, properly interpreted, does not reach his conduct. Fadl also contends that these errors were reflected in the indictment to which he pled.

Fadl argues first that he did not "use" a minor to engage in sexual conduct, as that term is employed in the statute, because he had only filmed the minors and did not initiate or solicit their sexual conduct. We find this argument unpersuasive, for we agree with the Court of Appeals for the Second Circuit that the "use" component "is fully satisfied for the purposes of the child pornography statute if a child is photographed in order to create pornography." United States v. Sirois, 87 F.3d 34, 41 (2d Cir. 1996). In any event, Fadl's conduct went well beyond simply photographing minors who were engaged in sexual conduct of their own accord. Fadl's plea agreement reflects several instances in which he persuaded, induced, or paid minors to engage in the sex acts that he photographed. Fadl actively participated in some of these recorded sexual acts as well.

Fadl's next contention concerns the meaning of the term "producing." "Producing" is defined as "producing, directing, manufacturing, issuing, publishing, or advertising." 18 U.S.C. § 2256(3). Fadl contends that this definition "implies

directorial, editorial, or managerial role, and an ultimate goal of commercial production." (Appellant Br. at 24). Accordingly, Fadl asserts that because he neither took a directorial role nor intended that the photographs be disseminated commercially, his conduct was not punishable under the statute. We disagree. The fact that "producing" is retained in the definition and placed alongside other terms indicates that Congress intended to retain a non-technical definition of the term "producing" (that is, in the sense of creating or making), but also sought to expand its scope to include activities that may not be generally considered to fall within the typical meaning of the term. We therefore conclude that list of terms in the definition reflects Congress's intention to enact a broad definition of "producing" that encompasses the varied means by which an individual might actively participate in the creation and distribution of child pornography.

We have considered Fadl's remaining challenges to the application of § 2251(a) to his case and conclude that they are equally without merit.

D.     Fadl's Sentence

1. Double-Counting

Because Fadl's offense involved multiple minors, the district court applied United States Sentencing Guidelines Manual (U.S.S.G.) § 2G2.1(d)(1), which directs the district court to treat the exploitation of each minor as though it had been contained in a separate count of conviction. This resulted in a five-level increase to Fadl's base offense level. The district court also applied § 4B1.5(b), which requires a five-level increase if, *inter alia*, the defendant engaged in prohibited sexual conduct on two or more separate occasions. U.S.S.G. § 4B1.5(b), cmt. n. 4(B)(i). Fadl contends that applying both the § 2G2.1(d)(1) and § 4B1.5(b) enhancements resulted

in impermissible double counting because it punishes him twice for the same conduct. We disagree.

"Double counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been . . . accounted for by application of another part of the Guidelines." United States v. Fortney, 357 F.3d 818, 821-22 (8th Cir. 2004) (quotation omitted). There is no double counting where application of two different Guidelines enhancements "reflect conceptually separate notions relating to sentencing," id. at 822, or where the enhancements "account for different kinds of harms." United States v. Jones, 440 F.3d 927, 929 (8th Cir.), *cert. denied*, 127 S. Ct. 130 (2006).

There was no double counting here. The application of § 2G2.1(d)(1) punished Fadl "for exploiting[ ] different minors, while the § 4B1.5(b) enhancement punished him for exploiting those minors on multiple occasions." United States v. Schmeilski, 408 F.3d 917, 920 (7th Cir. 2005).[3] "The separate adjustments for the number of minors exploited and for the fact that minors were exploited on multiple occasions are not premised on the same conduct." Id.; see also United States v. Peck, No. 06-4187, 2007 U.S. App. LEXIS 18609 at *14 (8th Cir. August 6, 2007) (holding that the § 2G2.1(d)(1) and § 4B1.5(b) enhancements "do not address the same kind of harm"). After all, the enhancement for multiple victims could be applied without the application of an enhancement for multiple occasions, and vice-versa.

---

[3]Schmeilski cites an earlier, and differently numbered, version of § 2G2.1(d)(1).

2.     Reasonableness

Fadl contends that his sentence was unreasonably high.  We disagree.  "We review the reasonableness of the sentence imposed for an abuse of discretion."  United States v. Gnavi, 474 F.3d 532, 537 (8th Cir. 2007).  In arriving at a sentence, the district court must consider the factors outlined in 18 U.S.C. § 3553(a).  United States v. Donnelly, 475 F.3d 946, 955 (8th Cir.), *cert. denied*, 127 S. Ct. 2954 (2007).  "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors."  United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007) (citation omitted).

Fadl contends that the district court failed to properly weigh considerations such as his involvement in community activities and the fact that fourteen-year-olds are considered adults in his native culture.  The district court did, however, take note of Fadl's community standing and concluded that this standing may have facilitated his crimes.  As for Fadl's assertions about the practices of his native culture, Fadl does not explain on appeal, and did not explain to the district court, how Fadl's cultural background would bear on the district court's analysis of the factors outlined in § 3553(a). Finally, we note that Fadl's sentence lies within the presumptively reasonable guidelines range of 360 months.  United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005) (observing that sentences within the applicable guidelines range are presumptively reasonable); see also United States v. Rita, 127 S. Ct. 2456, 2462-63 (2007).[4]

---

[4]There are other considerations discussed by Fadl on appeal, including Fadl's allegation that he had destroyed the images in his computer once he discovered that they were illegal.  We do not believe that the district court was obliged to comment on every single factual consideration that was adduced in support of a lower sentence.

The judgment and the sentence are affirmed.[5]

_____

Cf. Gnavi, 474 F.3d at 538 (noting that the district court need not "categorically rehearse" every § 3553(a) factor as long as it is clear that they were considered (quotation omitted)). The district court made it clear that it had considered the testimony at the hearing and that it considered the § 3553(a) factors. We believe that this was sufficient.

[5]We have considered the arguments set forth in Fadl's pro se supplemental brief and conclude that they are without merit.