**UNITED STATES COURT OF APPEALS**

**April 21, 2008**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

      v.

KERAMAT TAGHIZADEH,

      Defendant - Appellant.

No. 07-6023
(D. Ct. No. 06-CR-107-HE)
(D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **MCKAY**, and **LUCERO**, Circuit Judges.

Defendant-Appellant Keramat Taghizadeh appeals his sentence of 216

months' imprisonment. We exercise jurisdiction under 28 U.S.C. § 1291 and 18

U.S.C. § 3742(a) and AFFIRM Mr. Taghizadeh's sentence.

**I. BACKGROUND**

In May 2006, Mr. Taghizadeh was charged in a four-count indictment with

sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a). The

indictment alleged that, on four separate occasions, Mr. Taghizadeh knowingly

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

employed, used, and persuaded a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. In September, Mr. Taghizadeh pleaded guilty to count two of the indictment pursuant to a plea agreement with the Government. Under the terms of the plea agreement, Mr. Taghizadeh acknowledged that, by pleading guilty, he was admitting that he "used a video-camera to tape an approximately 11-year old girl standing on a table with a lascivious exhibition of her genitalia and [that] during the tape [he] appears and engages in sexual acts with the child."

Pursuant to the plea agreement, the Government agreed that Mr. Taghizadeh was eligible for a two-level downward adjustment of his sentence under § 3E1.1(a) of the U.S. Sentencing Guidelines ("U.S.S.G." or "Guidelines") for acceptance of responsibility as long as Mr. Taghizadeh committed no further crimes and complied with the agreement's terms. The Government also agreed to move for an additional one-level reduction under U.S.S.G. § 3E1.1(b) if Mr. Taghizadeh accepted the agreement's terms by a specified deadline. In addition, under the agreement, both parties retained the right to make arguments regarding sentencing, provided their positions were not expressly prohibited by the agreement. Both parties also agreed to waive their rights to appeal a sentence within the advisory Guidelines range as determined by the District Court, while reserving their rights to appeal a sentence outside this range. Specifically, Mr. Taghizadeh reserved his right to appeal a sentence above the advisory range, and

the Government reserved its right to appeal a sentence below the advisory range.

Mr. Taghizadeh's advisory Guidelines sentence was 120 to 121 months' imprisonment. Applying the 2002 Guidelines Manual, the U.S. Probation Office calculated Mr. Taghizadeh's base offense level at 27. *See* U.S.S.G. § 2G2.1(a) (2002) (specifying base offense level for sexual exploitation of a minor).[1] The probation office also concluded that the offense level should be increased six levels—four levels because the victim was under twelve years of age, § 2G2.1(b)(1)(A), and two levels because the victim was in Mr. Taghizadeh's supervisory control, § 2G2.1(b)(2). After a three-level reduction for acceptance of responsibility, § 3E1.1(a), (b), Mr. Taghizadeh's adjusted (and total) offense level was 30. Based on his total offense level and a criminal history category of I, the range under Chapter Five of the Guidelines was 97 to 121 months' imprisonment. But because the statutory minimum for the offense of conviction was ten years' imprisonment, 18 U.S.C. § 2251(d) (2002) (current version at 18 U.S.C. § 2251(e)), the applicable range was 120 to 121 months' imprisonment.

Prior to the sentencing hearing, the District Court indicated that the Guidelines might not account for all the offense conduct in this particular case, notifying both parties that they "should be prepared to address whether a sentence above the guideline range is appropriate based on the commission of a sexual

---

[1]Unless otherwise specified, all citations to the Guidelines are to the 2002 manual.

action in connection with the offense of conviction and in light of [Mr. Taghizadeh's] personal participation in that act." At the sentencing hearing, the court first identified the offense conduct that the applicable guideline (§ 2G2.1) covers, explaining that the guideline accounts for the fact that Mr. Taghizadeh sexually exploited a minor, who was under the age of twelve and within his supervisory control, by videotaping the minor engaged in sexually explicit behavior. The court then explained that the guideline does not account for two aspects of the offense conduct: (1) the fact that Mr. Taghizadeh videotaped sexual acts being performed on the minor, as opposed to simply videotaping the minor in sexually explicit poses; and (2) the fact that Mr. Taghizadeh himself, not a third person, performed those sexual acts on the minor (conduct the District Court described as statutory rape).

Because the advisory Guidelines sentence does not account for that offense conduct, the court determined that "a sentence above the guideline range . . . is required for the combination of the various factors identified" in 18 U.S.C. § 3553(a). In calculating the degree of the variance, however, the court drew upon the language and methodology of the Guidelines. It stated that newer versions of § 2G2.1 provide for a two-level enhancement when, as in the instant case, the offense involves the commission of a sexual act. *See, e.g.*, U.S.S.G. § 2G2.1(b)(2)(A) (2004). The court then explained that the Guidelines sentence for Mr. Taghizadeh's participation in that sexual act, which it again described as

statutory rape, would be essentially the same as the Guidelines sentence under § 2G2.1 for sexual exploitation of a child.  In addition, the court noted that any such sentence would fail to account for the fact that Mr. Taghizadeh harmed the victim by videotaping the sexual act.  Drawing on the methodology of the Guidelines, the court ultimately concluded that a two-level increase in Mr. Taghizadeh's offense level was warranted because the exploitation involved the commission of a sexual act, and that the conduct amounting to statutory rape warranted a five-level increase.  This resulted in an offense level of 37, which produced a sentencing range of 210 to 240 months' imprisonment.  The court then imposed a sentence of 216 months.

On appeal, Mr. Taghizadeh challenges his sentence primarily on procedural grounds.  He argues that the District Court impermissibly "double counted" certain offense conduct and did not adequately explain the chosen sentence, which is 95 months above the top of the advisory Guidelines range.  In addition, he contends that his sentence of 216 months' imprisonment is substantively unreasonable because the court gave excessive weight to the conduct that it characterized as statutory rape.  Finally, he argues that we should remand for resentencing because the Government breached the terms of the plea agreement. We address these arguments below and affirm Mr. Taghizadeh's sentence.

## II. DISCUSSION

We review all sentences, whether inside or outside the advisory Guidelines

range, under an abuse-of-discretion standard. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007). We first consider whether the district court committed any "significant procedural error, such as . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* If the sentence is "procedurally sound," we then determine whether the sentence is substantively reasonable, considering "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* In considering the extent of a variance, however, we are mindful that we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.*

A.    Sentencing Procedure

As a preliminary matter, we note that Mr. Taghizadeh characterizes his sentence as a "departure" under the Guidelines, rather than a variance based on the § 3553(a) factors. In explaining his sentence, however, the District Court explicitly stated that the § 3553(a) factors require "a sentence above the guideline range." The court therefore applied the § 3553(a) factors, rather than Chapters Four or Five of the Guidelines, to arrive at a sentence above the advisory Guidelines range. We have previously made clear that we review an increase or decrease based on § 3553(a) as a variance, not a departure. *See United States v.*

*Atencio*, 476 F.3d 1099, 1101 n.1 (10th Cir. 2007) (explaining that a deviation from the recommended range through application of Chapters Four and Five is a departure, while a deviation from the recommended range through application of the § 3553(a) factors is a variance). Because we review Mr. Taghizadeh's sentence as a variance, we do not consider whether his sentence is procedurally sound as a departure under the Guidelines.

Contrary to Mr. Taghizadeh's contentions, the District Court did not commit procedural error.[2] As reflected in the sentencing transcript, the court adequately explained its reasons for deviating upward from the advisory range. After acknowledging that the recommended Guidelines sentence accounts for some of the offense conduct in this case, the court specifically discussed the conduct that the Guidelines do not contemplate—that is, the videotaping of sexual acts and Mr. Taghizadeh's actual participation in those acts. As the court noted, this conduct speaks to a number of § 3553(a) factors, including the nature and seriousness of the offense and the need for the chosen sentence to provide just punishment. *See* § 3553(a)(1)–(2). Furthermore, in addition to identifying the facts supporting the variance as a general matter, the court specifically discussed

---

[2]When a party fails to make a contemporaneous objection to the court's sentencing procedure, we review a procedural challenge only for plain error. *See United States v. McComb*, – F.3d – , 2007 WL 4393142, at *4 (10th Cir. 2007). It is unclear whether Mr. Taghizadeh made the necessary objection. But because we determine that the District Court did not commit any procedural error, we need not decide whether plain-error review applies.

how it arrived at a variance of this length, drawing upon the language of the Guidelines to explain why Mr. Taghizadeh's conduct warrants a sentence 95 months above the recommended range. After reviewing the court's explanation, we are satisfied that it "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007). The court did not therefore commit procedural error by failing to provide an adequate explanation for the variance.

Moreover, in explaining the variance, the court adequately explained what it characterized as separate increases based on offense conduct not accounted for by the Guidelines. In the context of departures, we have explained that sentencing courts may not depart upward twice based on the *same* conduct. *See United States v. Wolfe*, 435 F.3d 1289, 1300–03 (10th Cir. 2006). Similarly, when a sentencing court justifies a variance, it commits a procedural error if the reason for the variance is already factored into the sentence. *See Atencio*, 476 F.3d at 1106; *see also United States v. Pepper*, – F.3d – , 2008 WL 637611, at *2 (8th Cir. 2008) (explaining that a sentencing court impermissibly "double counted" when it failed to adequately explain a variance based on the defendant's lack of violent history, a factor the court also used to justify a departure). Consequently, a court commits an error akin to double counting when it uses the same justification—for example, the same offense conduct—to support multiple deviations from the advisory Guidelines range.

In this case, the court did not—as Mr. Taghizadeh argues—impermissibly double count by using the same offense conduct to justify separate increases. Instead, the court increased his sentence to account for two distinct actions and punish different kinds of harm. *Cf. United States v. Fadl*, 498 F.3d 862, 867 (8th Cir. 2007) (reasoning that a court does not double count under the Guidelines when it adjusts a sentence to "account for different kinds of harms" (quotation omitted)). Specifically, the court varied upward to account for Mr. Taghizadeh's videotaping of a sexual act (in contrast to footage that only depicts the minor in a sexually explicit pose) and Mr. Taghizadeh's participation in those acts (in contrast to a third person's participation). Because one action—and the coincident harm—may occur without the other, they are clearly separate grounds for a variance. *Cf. id.* (concluding that the district court did not double count when one enhancement could theoretically apply in the absence of the other). Thus, the court did not err in using this offense conduct to support separate increases.

B.    Substantive Reasonableness

Mr. Taghizadeh also challenges the substantive reasonableness of his sentence, arguing that the extent of the variance is unreasonable. Although we may consider the degree of the variance, we note that we do not subject variances to any form of heightened scrutiny. *See Gall*, 128 S. Ct. at 596 (explaining that heightened scrutiny of sentences outside the Guidelines range is "inconsistent"

with an abuse-of-discretion standard of review). Rather, we review all sentences for abuse of discretion, giving due deference to the district court's decision that the § 3553(a) factors justify the sentence. *Id.* at 597. Recognizing that a range of permissible sentences exists in any given case, "we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." *McComb*, – F.3d at – , 2007 WL 4393142, at *3.

Mr. Taghizadeh essentially argues that the District Court gave excessive weight to the conduct it described as statutory rape. In support of this argument, he contends that the court improperly characterized his offense of conviction as a different, more serious offense. *See United States v. Allen*, 488 F.3d 1244, 1260–62 (10th Cir. 2007) (holding that a district court may not "recharacterize" the offense and impose a sentence based solely on uncharged, unrelated conduct). But the court clearly did not impose a sentence based on a different offense; rather, it reasonably adjusted Mr. Taghizadeh's sentence to account for conduct related to the offense and charged in the indictment. *Cf. id.* at 1260, 1262 (vacating a sentence because the sentencing court "recharacterized" the offense of conviction—a drug offense—as either "attempted sexual abuse of a child or solicitation of murder"). Thus, the court clearly did not abuse its discretion in imposing a sentence of 216 months' imprisonment.

C.    Plea Agreement

Finally, Mr. Taghizadeh contends that the Government breached the plea

agreement. We review this question de novo. *United States v. Rodriguez-Rivera*, – F.3d – , 2008 WL 638698, at *2 (10th Cir. 2008). In interpreting a plea agreement, we apply general principles of contract law. *Id.* We construe any ambiguities against the government as drafter of the agreement, and we "interpret the agreement according to the defendant's reasonable understanding of its terms." *United States v. Cachucha*, 484 F.3d 1266, 1270 (10th Cir. 2007) (quotation omitted); *see also Rodriguez-Rivera*, 2008 WL 638698, at *2 (noting that we "look to the express language in the agreement to identify both the nature of the government's promise and the defendant's reasonable understanding of this promise at the time of the entry of the guilty plea" (quotation omitted)). Mr. Taghizadeh argues that we should remand for resentencing because, under the agreement's terms, he reasonably expected the Government to recommend a sentence within the advisory range. Given this expectation, he contends that the Government breached the agreement when it argued that the sentencing court should impose a sentence above the advisory Guidelines range.

Mr. Taghizadeh's interpretation is not, however, a reasonable understanding of the agreement's terms. Mr. Taghizadeh bases his interpretation on language in the agreement reflecting the parties' promise not to appeal a within-Guidelines sentence. In essence, he contends that, by agreeing not to appeal a sentence within the advisory Guidelines range determined by the court, the Government implicitly agreed to argue for a Guidelines sentence and to

refrain from asking the court to deviate from the Guidelines. But under the unambiguous terms of the agreement, the Government only promised to recommend downward adjustments for acceptance of responsibility. Furthermore, the agreement contains the following language explicitly allowing the parties to make other sentencing arguments:

> Apart from any expressed agreements and stipulations, the parties reserve the right to advocate for, and present evidence relevant to, other guideline adjustments and sentencing factors for consideration by the U.S. Probation Office and the Court.

Thus, under the agreement's terms, the Government could make arguments regarding sentencing as long as it did not argue against the downward adjustments it expressly promised to recommend. The Government did not therefore breach the agreement by arguing for a sentence above the advisory Guidelines range.

### III.  CONCLUSION

Accordingly, we AFFIRM Mr. Taghizadeh's sentence.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

-12-