IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-51409
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KHELVY R. SILVA-TORRES

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-103-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Khelvy R. Silva-Torres appeals his guilty plea and the sentence imposed for conviction on two counts of sexual exploitation of children by producing child pornography.  Silva-Torres pled guilty before the district court pursuant to a written plea agreement on September 20, 2007.  He was subsequently sentenced to the following:  360 months of imprisonment on each count, to be served concurrently with each other and consecutively to a previously imposed state sentence; eight years of supervised release on each count, to be served

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concurrently; and a $2,000 fine. The sentence of imprisonment represents an upward variance from the applicable Guidelines range of 210 to 260 months of imprisonment. Silva-Torres has filed a motion to supplement the record excerpts with the district court's written statement of reasons, asserting that the statement of reasons is not contained in the record on appeal. The statement of reasons is contained in the sealed portion of the record on appeal. Therefore, the motion to supplement is granted, but the supplemental record excerpts shall not be filed in the public record.

First, Silva-Torres argues that the district court plainly erred in accepting his guilty plea because the plea was not supported by a sufficient factual basis, a violation of Federal Rule of Criminal Procedure 11(b)(3). See United States v. Hildenbrand, 527 F.3d 466, 474 (5th Cir. 2008) ("A district court cannot enter a judgment of conviction based on a guilty plea unless it is satisfied that there is a factual basis for the plea."). Silva-Torres did not raise this issue in the district court; thus, it is subject to plain error review. United States v. Palmer, 456 F.3d 484, 489 (5th Cir. 2006).

Silva-Torres pleaded guilty to Counts One and Two of his indictment, which were the same except for the identity of the minor in question: "Khelvy R. Silva-Torres did knowingly employ, use, persuade, induce, entice and coerce [the minor] . . . to engage in sexually explicit conduct . . . for the purpose of producing visual depictions of such conduct, and the visual depictions were produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce by any means . . . ." (emphasis added). Silva-Torres contends that the factual basis admitted only that he "used computer technology to transfer the movie images onto a computer CD-R disc manufactured by Imation which was manufactured outside the State of Texas." He argues that the computer CD-R was not actually used to produce the visual depiction and, therefore, the factual basis fails to support the guilty plea.

Silva-Torres relies upon United States v. Wilson, 182 F.3d 737, 742-44 (10th Cir. 1999) for the proposition that under the Child Pornography Prevention Act ("CPPA"), 18 U.S.C. § 2251(a)(2000), the production of unlawful visual depictions occurs prior to their transfer onto media. Silva-Torres claims that under such definition, he was not proved guilty of producing the images using the items that had traveled in interstate and foreign commerce, because the factual basis supporting his guilty plea established only that the images were produced, and then subsequently transferred to a CD that was manufactured outside the state of Texas. Other circuits have defined the word "produced" more broadly. See United States v. Fadl, 498 F.3d 862, 866-67 (8th Cir. 2007), cert. denied, 128 S. Ct. 1318 (2007); United States v. Angle, 234 F.3d 326, 340-41 (7th Cir. 2000) (expressly declining to follow Wilson); United States v. Lacy, 119 F.3d 742, 750 (9th Cir. 1997).

We need not decide this issue, because the facts and posture of this case, involving a guilty plea reviewed under a plain error standard, differ significantly from Wilson, where the case was tried and the court employed a de novo review. In addition to the language quoted by Silva-Torres, the factual basis admitted by Silva-Torres includes the following sentence: "Other materials that the defendant used to produce this child pornography had been mailed, shipped and transported in interstate and foreign commerce." (emphasis added).

It is well-settled that plain error may only be found for a violation of Rule 11(b)(3) where there is a reasonable probability that, but for the error, the defendant would not have pleaded guilty. United States v. Castro-Trevino, 464 F.3d 536, 541 (5th Cir. 2006). There is no such evidence in this case. Accordingly, the district court did not plainly err in accepting Silva-Torres's guilty plea.

Silva-Torres further contends that the district court plainly erred in failing to notify him before he was sentenced that it intended to vary upwardly from the recommended Guidelines range, as required under FED. R. CRIM. P. 32(h) and

U.S.S.G. § 6A1.3(a). Again, Silva-Torres did not challenge the district court's failure to provide notice at the time of sentencing, and raises this objection for the first time on appeal. As Silva-Torres concedes, this issue is foreclosed as to Rule 32(h). See Irizarry v. United States, 128 S. Ct. 2198, 2202-04 (2008). Although Irizarry did not consider § 6A1.3(a) specifically, Silva-Torres has not shown why Irizarry's holding would not apply equally to § 6A1.3(a). He also failed to establish that the district court's failure to follow the notice requirements affected his substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993) (defining plain error).

Silva-Torres also argues that the district court plainly erred in failing to provide a statement of reasons for its imposition of his sentence as is required in § 3553(c). It is true that the district court should have provided an oral statement of reasons for Silva-Torres's sentence. See 18 U.S.C. § 3553 (c) (2003) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence"); United States v. Gore, 298 F.3d 322, 324-26 (5th Cir. 2002). However, this court in Gore concluded that such error does not necessarily constitute plain error affecting a defendant's substantial rights, stating that "the failure to follow § 3553(c) in justifying a departure does not ipso facto equal plain error." Id. at 325. There, as here, the district court stated its reasons for its upward variance in its written statement of reasons, permitting effective appellate review of sentencing. Id. Thus, Silva-Torres has not shown that the lack of oral reasons at his sentencing hearing constituted plain error or that his sentence was procedurally unreasonable. See id. at 324-26; Gall v. United States, 128 S. Ct. 586, 597 (2007).

Finally, Silva-Torres argues for the first time in his reply brief that his sentence was substantively unreasonable because the district court improperly sentenced him above the Guidelines range based on a reason already taken into account by the Guidelines. This court does not ordinarily consider issues raised for the first time in a reply brief, and Silva-Torres has not shown that his receipt

of the district court's written statement of reasons after he filed his opening brief should entitle him to challenge the reasonableness of his sentence for the first time in his reply brief. See United States v. Aguirre-Villa, 460 F.3d 681, 683 n.2 (5th Cir. 2006).

AFFIRMED; MOTION TO SUPPLEMENT RECORD EXCERPTS GRANTED; THE SUPPLEMENTAL RECORD EXCERPTS SHALL NOT BE FILED IN THE PUBLIC RECORD.