# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2154

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Darrin Joseph Meirick, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted:  December 16, 2011
Filed:  March 16, 2012

_____

Before LOKEN, BRIGHT, and SHEPHERD, Circuit Judges.

_____

LOKEN, Circuit Judge.

An FBI task force officer downloaded child pornography from Darrin Meirick's computer using a peer-to-peer network, and a warrant search of computers in his home uncovered hundreds of images of child pornography, including images of prepubescent females and an infant.  He pleaded guilty to possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).  The plea agreement provided that Meirick "knowingly and voluntarily waives [his] right to appeal the conviction and the sentence imposed," but he retained the right to appeal the sentence in carefully defined circumstances:

(1) if the sentence is not in accordance with this plea agreement; (2) if the sentence imposed exceeds the maximum statutory penalty; (3) if the sentence is constitutionally defective; (4) if the sentence exceeds the advisory guidelines range as calculated by the sentencing court; and (5) if the sentencing court applies USSG §2G2.2(b)(3)(B) in calculating the advisory guidelines range.

At sentencing, without objection, the district court[1] determined an advisory guidelines range of 78-97 months in prison. The court did not apply the five-level enhancement in § 2G2.2(b)(3)(B) that would have triggered an exception to the appeal waiver. Meirick urged a downward variance, supported by letters and testimony from family members, a psychologist, and a forensic computer analyst. After addressing Meirick's evidence and contentions and the sentencing factors in 18 U.S.C. § 3553(a), the court sentenced him to 78 months in prison, followed by a ten-year term of supervised release. Meirick appeals, arguing that the prison sentence, the term of supervised release, and some of its special conditions[2] violate his constitutional rights to due process and equal protection of the law. Reviewing these constitutional challenges *de novo*, we affirm. United States v. Ellefson, 419 F.3d 859, 865 (8th Cir. 2005) (standard of review).

The district court properly calculated Meirick's advisory guidelines range using the base offense level and five enhancements in U.S.S.G. § 2G2.2.[3] On appeal (but

___

[1]The Honorable Linda R. Reade, Chief Judge of the United States District Court for the Northern District of Iowa.

[2]Conditions limiting his contact with children and his presence in places where children congregate without a probation officer's consent, and prohibiting him from using alcohol or entering "bars, taverns, or other establishments whose primary source of income is derived from the sale of alcohol."

[3]Enhancements for material involving a child under age 12, distribution for pecuniary gain, depictions of violence, use of a computer, and an offense involving

not at sentencing), Meirick argues that § 2G2.2 and its five enhancements violate substantive due process because they bear no rational relationship to the legitimate goals of sentencing, and violate the Equal Protection Clause because they punish child pornography offenses too severely compared with other sex-based crimes against children. He further argues that he did not receive constitutionally mandated individualized sentencing when the district court imposed a 78-month sentence and the challenged term and special conditions of supervised release based on a "discredited guideline" and inaccurate information that Meirick is a "typical" child pornography offender.

The attack on § 2G2.2 fundamentally overstates the extent to which legislative sentencing provisions are subject to constitutional scrutiny. Once a person has been convicted of a crime in accordance with constitutional guarantees, determining the severity of his punishment is, in the first instance, a legislative task. It is within the legislative prerogative to determine, for example, whether child pornography offenses should be punished more or less harshly than sexual offenses involving personal contact with a child. Cf. New York v. Ferber, 458 U.S. 747, 757 (1982) ("The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance."). A legislature may also grant sentencing judges more or less discretion to depart from that determination in particular cases. Those decisions are not subject to substantive due process or equal protection review, absent line-drawing that is totally arbitrary or based upon an impermissible factor such as race. See Ellefsen, 419 F.3d at 865. Thus, "rational basis" review of sentencing provisions under the Due Process Clause and the Equal Protection Clause must be highly deferential to legislative judgments about the most effective way to protect the public from convicted criminals. Cf. Doe v. Miller, 405 F.3d 700, 714 (8th Cir. 2005). A guidelines provision "that accurately implements a directive of Congress

_____

at least 150 but fewer than 300 images. See U.S.S.G. §§ 2G2.2(b)(2), (b)(3)(A), (b)(4), (b)(6), and (b)(7)(B).

does not implicate substantive due process concerns." <u>United States v. Fortney</u>, 357 F.3d 818, 821 (8th Cir. 2004).[4]

In this case, we need not conduct rational basis review of § 2G2.2's base offense level and enhancements because those provisions did not cause Meirick's alleged sentencing injury. The Guidelines are now advisory. "Accordingly, although the 'Guidelines should be the starting point and the initial benchmark,' district courts may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in § 3553(a), subject to appellate review for 'reasonableness.'" <u>Pepper v. United States</u>, 131 S. Ct. 1229, 1241 (2011), quoting <u>Gall v. United States</u>, 552 U.S. 38, 49-51 (2007). "[O]ur post-*Booker* decisions make clear that a district court may in appropriate cases impose a non-Guidelines sentence based on a disagreement with the Commission's views." <u>Pepper</u>, 131 S. Ct. at 1247. In this regime, Meirick's sentence was attributable not to the provisions of § 2G2.2, but to the district court's unwillingness to exercise its discretion to vary from those advisory provisions.

Likewise, the 78-month sentence the district court imposed, including the term and special conditions of supervised release, was plainly within the court's post-<u>Booker</u> sentencing discretion. Meirick complains that the court unconstitutionally failed to render an individualized sentence because, in explaining why it rejected a downward variance, the court characterized his child pornography offense as "typical." But this is not a constitutional issue. A sentencing scheme "not considering individual degrees of culpability [] would clearly be constitutional."

---

[4]Four of the challenged § 2G2.2 enhancements were amendments enacted at the direction of Congress. <u>See</u> U.S. Sentencing Comm'n, <u>The History of the Child Pornography Guidelines</u> 33, 36, 39, 46 n.213 (2009). The fifth -- material involving a child under age 12 -- was part of the original guideline. Unlike a court, "the Commission is fully accountable to Congress." <u>Mistretta v. United States</u>, 488 U.S. 361, 393 (1989).

Chapman v. United States, 500 U.S. 453, 467 (1991). Moreover, "the Constitution does not guarantee individualized sentencing, except in capital cases." United States v. Brittman, 872 F.2d 827, 828 (8th Cir.), cert. denied, 493 U.S. 865 (1989). "Congress in the Sentencing Reform Act of 1984 . . . disavowed the individualized approach to sentencing." Pepper, 131 S. Ct. at 1253 (Breyer, J., concurring). Thus, in this sentencing regime, it was clearly reasonable for the district court to compare Meirick's offense with those of other child pornography offenders that the court had sentenced. "A just legal system seeks not only to treat different cases differently but also to treat like cases alike." Id. at 1252.

After Booker, a substantive due process challenge to sentencing determinations "is cognizable more properly as a challenge to the reasonableness of his sentence." United States v. Villareal-Amarillas, 562 F.3d 892, 898 (8th Cir. 2009) (quotation omitted). If the resulting sentence is substantively reasonable, as that concept has been defined in post-Booker Supreme Court decisions, it does not violate either the Due Process Clause or the Equal Protection Clause. In other words, Meirick's meritless constitutional arguments do not permit him to avoid his valid appeal waiver, which precludes challenging on appeal the substantive reasonableness of his prison sentence or the terms of his supervised release. See United States v. Andis, 333 F.3d 886, 892-94 & n.7 (8th Cir.) (en banc), cert. denied, 540 U.S. 997 (2003).

The judgment of the district court is affirmed.

_____